## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| **BRANDON EVANS,** Individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **CONSOLIDATED WELLSITE SERVICES, LLC** <br><br> *Defendant.* | Civil Action No. 2:19-22 <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** <br><br> **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Brandon Evans ("Plaintiff" or "Evans") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Consolidated Wellsite Services, LLC ("Defendant" or "CWS") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Ohio Acts and PMWA claims are asserted as class actions under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and class actions pursuant to the Ohio Acts, the PMWA and FED. R. CIV. P. 23, to recover overtime wages, liquidated damages and all other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for CWS from January 7, 2016 through the final disposition of this matter, and were paid on an hourly basis for all hours worked (including overtime), and also received non-discretionary job bonuses, but those non-discretionary bonuses were not included in the calculation of their overtime rate.

3. The FLSA, the Ohio Acts and the PMWA require that all forms of compensation—including the non-discretionary job bonuses paid to Plaintiff and the Putative Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

5. Plaintiff and the Putative Class Members were not paid the at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

6. The decision by CWS not to pay the proper overtime rate to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. CWS knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members do not and have not performed work that meets the definition of exempt work under the FLSA, the Ohio Acts and the PMWA.

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to

recover all unpaid overtime and other damages owed under the Ohio Acts and the PMWA as class actions pursuant to FED. R. CIV. P. 23.

10. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 classes are certified as defined herein, and Plaintiff Evans be designated Class Representative.

## II.
## THE PARTIES

12. Plaintiff Brandon Evans ("Evans") worked for CWS within the meaning of the FLSA, the PMWA and the Ohio Acts during the relevant time period. Plaintiff Evans did not receive the proper amount of overtime for all hours worked in excess of forty (40) hours per workweek.[1]

13. The Putative Class Members are those current and former employees who worked for CWS since January 7, 2016 and have been subjected to the same illegal pay system under which Plaintiff Evans worked and was paid.

14. The Putative Class Members include: the FLSA Collective Members, as defined in Paragraph 57, who worked in various locations across the United States of America; the Ohio Acts Class Members, as defined in Paragraph 92, who worked in Ohio; and the PMWA Class Members, as defined in Paragraph 119, who worked in Pennsylvania.

15. Defendant Consolidated Wellsite Services, LLC ("CWS" or "Defendant") is a Texas limited liability company and may be served through its registered agent for service of process: **Rosser C. Newton, 37610 Rawlins Street, Suite 1100, Dallas, TX 75219**.

---

[1] The written consent of Brandon Evans is attached hereto as Exhibit "A."

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

17. This Court has supplemental jurisdiction over the Ohio Acts and the PMWA claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over CWS because the cause of action arose within this District as a result of CWS's conduct within this District.

19. Venue is proper in the Western District of Pennsylvania because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, CWS has maintained a working presence throughout Western Pennsylvania, which is located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

22. CWS provides services and equipment to the oil and gas industry, including but not limited to: workover rigs, pumping, snubbing, power swivel and hydrawalk services.[2]

23. CWS currently has locations and operations in Pennsylvania, Ohio, West Virginia and Texas.[3]

24. To provide their services and equipment, CWS employed (and continues to employ) hundreds of oilfield workers—including Plaintiff Evans and the individuals that make up the putative class.

---

[2] http://www.consolidatedwellsite.com.

[3] *Id.*

25. While exact job titles may differ, these employees have been subjected to the same or similar illegal pay practices for similar work.

26. Plaintiff and the Putative Class Members' primary job duties consist of rigging up and rigging down—preparing a wellsite for the extraction of oil and natural gas and shutting down the well once that has occurred—at CWS's clients' well sites throughout the United States.

27. Plaintiff Evans has worked for CWS as a Snubber since approximately May 2018.

28. Plaintiff Evans is based out of CWS's Washington, Pennsylvania location, and has worked throughout Pennsylvania, Ohio and West Virginia.

29. Plaintiff and the Putative Class Members are all paid on an hourly basis for all hours worked (including overtime), plus non-discretionary job bonuses, but those non-discretionary bonuses are not included in the calculation of their overtime rate.

30. Specifically, Plaintiff Evans is paid $14.00 per hour worked in the field plus overtime at $21.00 per hour for all hours worked over forty hours each week.

31. Plaintiff Evans also receives non-discretionary job bonuses in the amount of $60.00 to $80.00 per day but those job bonuses are not included in the calculation of his overtime rate.

32. Plaintiff and the Putative Class Members work (and have worked) long hours. Specifically, CWS regularly schedules Plaintiff and the Putative Class Members for a minimum of twelve (12) to fourteen (14) hours per day and they frequently work 100 hours or more per week.

33. Plaintiff and the Putative Class Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by CWS.

34. Plaintiff and the Putative Class Members' daily and weekly activities are routine and largely governed by standardized plans and procedures set by CWS and/or its clients.

35. Specifically, Plaintiff Evans's supervisor directs Plaintiff's work daily, specifying what Plaintiff needs to do each day and how he should do it.

36. Virtually every job function is pre-determined by CWS, including how to perform the tasks set by CWS, the schedule of work, and related work duties.

37. In fact, Plaintiff and the Putative Class Members are prohibited from varying their job duties outside of these predetermined parameters.

38. Moreover, Plaintiff and the Putative Class Members' job functions are primarily routine and manual in nature, requiring little to no official training, much less a college education or other advanced degree.

39. Indeed, Plaintiff and the Putative Class Members are blue-collar oilfield workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

40. Plaintiff and the Putative Class Members' duties have not included managerial responsibilities or the exercise of independent discretion or judgment.

41. Plaintiff and the Putative Class Members do not have the authority to hire or fire other employees.

42. Moreover, Plaintiff and the Putative Class Members have not supervised two or more employees.

43. Plaintiff and the Putative Class Members' duties did not concern work directly related to the management or general business operations of CWS.

44. Plaintiff and the Putative Class Members regularly work in excess of forty (40) hours per week but do not receive the proper amount of overtime compensation.

45. Plaintiff and the Putative Class Members also receive job bonuses in addition to their regular base pay (hourly rate).

46. The non-discretionary job bonuses paid to Plaintiff and the Putative Class Members are meant to encourage and motivate Plaintiff and the Putative Class Members to work harder and to reward them for their hard work.

47. The non-discretionary job bonuses are based upon a pre-determined formula established by CWS. Moreover, specific criteria have to be met in order to receive the job bonuses.

48. When Plaintiff and the Putative Class Members meet the criteria, they are entitled to receive the job bonuses.

49. Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

50. The FLSA, the Ohio Acts and the PMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

51. Under the Ohio Acts overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

52. Under the PMWA, the regular rate shall include all remuneration for employment paid to or on behalf of the employee, with exceptions that are inapplicable here. 34 Pa. Code § 231.43.

53. CWS denied Plaintiff and the Putative Class Members the proper amount of overtime pay as a result of a widely applicable, illegal pay practice.

54. CWS knew or should have known that Plaintiff and the Putative Class Members were entitled to the proper amount of overtime compensation pursuant to the FLSA, the Ohio Acts and the PMWA.

55. Accordingly, CWS's pay policies and practices blatantly violated (and continue to violate) the FLSA, the Ohio Acts and the PMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR CONSOLIDATED WELLSITE SERVICES, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 7, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID ON AN HOURLY BASIS PLUS OVERTIME BUT WHOSE JOB BONUSES WERE NOT INCLUDED IN THE REGULAR RATE OF PAY FOR PURPOSES OF DETERMINING THEIR OVERTIME RATE ("FLSA Collective" or "FLSA Collective Members")**

58. At all times hereinafter mentioned, CWS has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, CWS has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, CWS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. Specifically, CWS operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts

transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

62. During the respective periods of Plaintiff and the FLSA Collective Members' employment by CWS, these individuals provided services for CWS that involved interstate commerce for purposes of the FLSA.

63. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

64. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt employee who worked for CWS during the relevant time period and have been engaged in labor that is directly essential to the production of goods for CWS and its clients. 29 U.S.C. § 203(j).

65. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

66. In violating the FLSA, CWS acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

67. The proposed class of similarly situated employees, i.e. putative FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 57.

68. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of CWS.

B. **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

69. All previous paragraphs are incorporated as though fully set forth herein.

70. CWS violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

71. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of CWS's acts or omissions as described herein; though CWS is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

72. Moreover, CWS knowingly, willfully, and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

73. CWS knew or should have known its pay practices were in violation of the FLSA.

74. CWS is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

75. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted CWS to pay them according to the law.

76. The decision and practice by CWS to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

77. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.     COLLECTIVE ACTION ALLEGATIONS

78.     All previous paragraphs are incorporated as though fully set forth herein.

79.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Evans.

80.     Other similarly situated employees of CWS have been victimized by CWS's patterns, practices, and policies, which are in willful violation of the FLSA.

81.     The FLSA Collective Members are defined in Paragraph 57.

82.     CWS's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of CWS, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

83.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

84.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

85.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to the proper amount of overtime wages for all hours worked in excess of forty (40) each week.

86.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

87.     CWS has employed a substantial number of similarly situated workers since January 7, 2016. Upon information and belief, these workers are geographically dispersed, residing and working

in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

88. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and CWS will retain the proceeds of their rampant violations of the FLSA.

89. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

90. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 57 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A.   OHIO ACTS COVERAGE**

91. All previous paragraphs are incorporated as though fully set forth herein.

92. The Ohio Acts Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR CONSOLIDATED WELLSITE SERVICES, LLC, IN OHIO, AT ANY TIME FROM JANUARY 7, 2017 THROUGH THE FINAL DISPOSITION OF THIS CASE, WHO WERE PAID ON AN HOURLY BASIS PLUS OVERTIME BUT WHOSE JOB BONUSES WERE NOT INCLUDED IN THE REGULAR RATE OF PAY FOR PURPOSES OF DETERMINING THEIR OVERTIME RATE ("Ohio Acts Class" or "Ohio Acts Class Members").**

93. At all times hereinafter mentioned, CWS has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

94. At all times hereinafter mentioned, Plaintiff and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

95. Plaintiff and the Ohio Acts Class Members were or have been employed by CWS since January 7, 2017, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

96. The employer, CWS, is not exempt from paying overtime benefits under the Ohio Acts.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS

97. All previous paragraphs are incorporated as though fully set forth herein.

98. The OMFWSA requires that employees, including Plaintiff and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

99. The OPPA requires that CWS pay Plaintiff and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

100. Plaintiff and the Ohio Acts Class Members were or have been employed by CWS since January 7, 2017, and have been covered employees entitled to the protections of the Ohio Acts.

101. CWS is an employer covered by the requirements set forth in the Ohio Acts.

102. Plaintiff and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

103. Plaintiff and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, CWS violated the Ohio Acts by failing to pay Plaintiff and other Ohio Acts Class Members the proper amount of overtime for all hours worked over 40 each week.

104. Plaintiff and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

105. The wages of Plaintiff and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

106. Plaintiff and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of CWS's acts or omissions as described herein; though CWS is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages

107. In violating the Ohio Acts, CWS acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

108. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 92.

109. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of CWS.

C.  **OHIO ACTS CLASS ALLEGATIONS**

110. All previous paragraphs are incorporated as though fully set forth herein.

111. Plaintiff brings his Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by CWS to work in Ohio since January 7, 2017.

112. Class action treatment of Plaintiff's Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

113. The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

114. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other Ohio Acts Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

115. Plaintiff and his counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

116. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

117. Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 92.

## COUNT THREE
### (Class Action Alleging Violations of the PWMA)

**A.     PMWA COVERAGE**

118. All previous paragraphs are incorporated as though fully set forth herein.

119. The PMWA Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR CONSOLIDATED WELLSITE SERVICES, LLC, IN PENNSYLVANIA, AT ANY TIME FROM JANUARY 7, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, WHO WERE PAID ON AN HOURLY BASIS PLUS OVERTIME BUT WHOSE JOB BONUSES WERE NOT INCLUDED IN THE REGULAR RATE OF PAY FOR PURPOSES OF DETERMINING THEIR OVERTIME RATE ("PMWA Class" or "PMWA Class Members").**

120. At all times hereinafter mentioned, CWS has been an employer within the meaning of the PMWA, 43 P.S. § 333.103(f).

121. At all times hereinafter mentioned, Plaintiff and the PMWA Class Members have been employees within the meaning of the PMWA, 43 P.S. § 333.103(g).

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWMA**

122.    All previous paragraphs are incorporated as though fully set forth herein.

123.    The PMWA requires that employees receive "time and one-half" overtime premium compensation for all hours worked over forty (40) per week.

124.    Plaintiff and the other PMWA Class Members have not been exempt from receiving overtime benefits under the PMWA.

125.    Plaintiff and the other PMWA Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, CWS violated the PMWA by failing to pay Plaintiff and other class members the proper amount of overtime for all hours worked over forty (40) each week.

126.    Plaintiff and the PMWA Class Members have suffered damages and continue to suffer damages as a result of CWS's acts or omissions as described herein; though CWS is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

127.    In violating the PMWA, CWS acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

128.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 119.

129.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of CWS.

**C.     PMWA CLASS ALLEGATIONS**

130.    Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by CWS to work in Pennsylvania since January 7, 2016.

131. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

132. The number of PMWA Class Members is so numerous that joinder of all class members is impracticable.

133. Plaintiff is a member of the PMWA Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

134. Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

135. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

136. Accordingly, the PMWA Class should be certified as in Paragraph 119.

## VI.
## RELIEF SOUGHT

137. Plaintiff respectfully prays for judgment against CWS as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 57, and requiring CWS to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order certifying the Ohio Acts Class as defined in Paragraph 92, and designating Plaintiff Evans as the Representative of the Ohio Acts Class;

   c. For an Order certifying the PMWA Class as defined in Paragraph 119, and designating Plaintiff Evans as the Representative of the PMWA Class;

        d.        For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

        e.        For an Order pursuant to Section 16(b) of the FLSA finding CWS liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

        f.        For an Order pursuant to the Ohio Acts awarding Plaintiff and the Ohio Acts Class Members unpaid overtime and other damages allowed by law;

        g.        For an Order pursuant to the PMWA awarding Plaintiff and the PMWA Class Members unpaid overtime and other damages allowed by law;

        h.        For an Order awarding the costs and expenses of this action;

        i.        For an Order awarding attorneys' fees;

        j.        For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

        k.        For an Order awarding Plaintiff Evans a service award as permitted by law;

        l.        For an Order compelling the accounting of the books and records of CWS; at CWS's expense; and

        m.        For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Date:   January 8, 2019 | Respectfully submitted, |

          **BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**

By:    /s/ *Robert E. DeRose*
        **Robert E. DeRose** (PA Bar No. 94395)
        bderose@barkanmeizlish.com
        250 E. Broad St., 10th Floor
        Columbus, Ohio 43215
        Telephone: (614) 221-4221
        Fax: (614) 744-2300

***Local Counsel***

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
        **Clif Alexander** (*Pro Hac Vice Anticipated*)
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson** (*Pro Hac Vice Anticipated*)
        Texas Bar No. 24045189
        austin@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***